**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| David Voros and Alexandra Stasko,       ) | District Court Action No.: 3:22-cv-01265-MGL |
| ) | State Court Action No.: 2022-CP-40-01391 |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OF POINTS** |
| ) | **AND AUTHORITIES IN SUPPORT** |
| The McClatchy Company, LLC d/b/a The ) | **OF DEFENDANT'S MOTION** |
| State, and Lucas Daprille, ) | **TO STRIKE** |
| Defendants. ) | |

## BACKGROUND

Plaintiffs commenced this action in the Court of Common Pleas for Richland County against The McClatchy Company, LLC d/b/a The State (The State), and Lucas Daprille [sic]. Plaintiffs have failed to serve Lucas Daprile, who is a citizen and resident of Ohio. The case against The State was removed to this court based on diversity of citizenship and amount in controversy. The State filed this motion pursuant to Rule 12(f), FRCP to strike from the Complaint allegations that publications by defendant held plaintiffs in a "false light"

## ALLEGATIONS

In paragraph 15 of the Complaint, plaintiffs allege that The State published statements that "were false, defamatory, and made without a justifiable basis and/or without a reasonable belief and portray the events in a false light." [Emphasis supplied].  In paragraph 21 of the Complaint, in a cause of action designated by plaintiffs as one for defamation, plaintiffs alleged that the publications in The State "portray them in a false light." [Emphasis supplied].

## APPLICABLE LAW

The State is a newspaper published in Columbia, South Carolina, and as a newspaper has protection under the First and Fourteenth Amendments in defamation actions that other defendants may not have. *See*, *e.g.*, *Gertz v. Robert Welch, Inc.* 418 U.S. 323, 94 S.Ct. 2997, 41

L.Ed.2d 789 (1974) and *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986)*.* Additionally, it is well established that a defamation claim requires proof of the publication of a false statement of fact of and concerning a plaintiff that is injurious to reputation.  *Id.*  In contrast to defamation, "false light" is a branch of the invasion of privacy tort that is less well defined, and has the potential for the award of damages for something other than an injury to reputation.  A claim such as "false light" has the potential to prejudice the defendant by allowing the circumvention of constitutional protections and well-established limitations on recovery for injury to reputation.

Perhaps most significantly in this case, "false light" is not recognized as a tort under South Carolina law.  *Brown v. Pearson,* 326 S.C. 409, 483 S.E.2d 477 (Ct. App. 1997).  As the leading treatise on the federal rules states, "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action."  2 *Moore's Federal Practice,* § 12.37[3] (Matthew Bender 3d Ed.).  This motion serves "to avoid the expenditure of time and money that would arise from litigating spurious issues."  *Id.*

## CONCLUSION

As "false light" is not recognized as a tort under South Carolina law, allegations relating to one being portrayed in a false light are impertinent and immaterial in a defamation suit and their inclusion prejudices The State. The "false light" references in the Complaint be stricken.

Respectfully submitted,

s/Jay Bender
Jay Bender
Federal ID. No. 01294
Susan Drake DuBose
Federal ID No.: 6735
BAKER, RAVENEL & BENDER, LLP

3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
Phone (803) 799-9091; Fax: (803) 779-3423
E-Mail: jbender@brblegal.com
sdubose@brblegal.com
*Attorneys for Defendant The McClatchy*
*Company, LLC d/b/a The State*

April 19, 2022