**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| David Voros and Alexandra Stasko, ) | Civil Action No.:3:22-cv-01265-MGL |
| ) | |
| Plaintiffs, ) | |
| ) | **ANSWER OF DEFENDANTS TO** |
| v. ) | **AMENDED COMPLAINT** |
| ) | |
| The McClatchy Company, LLC d/b/a The ) | |
| State, and Lucas Daprile, ) | |
| Defendants. ) | |

Defendants The McClatchy Company, LLC d/b/a The State ("McClatchy") and Lucas Daprile ("Daprile") answering the allegations of the Amended Complaint allege:

**AS AND FOR A FIRST DEFENSE**

1.   All allegations not herein after admitted, qualified, or explained are hereby denied.

2.   As to the allegations of paragraph 1, Defendants admit the same.

3.   As to the allegations of paragraph 2, Defendants deny that Defendant McClatchy that is a corporation and alleges in connection therewith that it is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Sacramento, California. Further answering paragraph 2, Defendants admit that Defendant McClatchy publishes The State, which is a news organization publishing news and information for the public.

4.   As to the allegations of paragraph 3, Defendants admit that Defendant Daprile is a citizen and resident of Ohio but deny that he is an employee of The State. In further answering paragraph 3, Defendants allege in connection therewith that Defendant Daprile was formerly

1

employed as a reporter at The State but resigned to accompany his wife to Ohio where he now resides.

5.     As to the allegations of paragraph 4, Defendants admit the same.

6.     As to the allegations of paragraph 5, Defendants are informed and believe the same to be true, admit the same, and allege in connection therewith that Plaintiff Voros is a public official as a consequence of his position at the University of South Carolina.

7.     As to the allegations of paragraph 6, Defendants lack information sufficient to form a belief as to the truth or falsity thereof and deny the same.

8.     As to the allegations of paragraph 7, Defendants admit the publication of a series of news reports and an online event related to harassment claims made against Professor Voros, but deny the remaining allegations of paragraph 7 and allege in connection therewith that the publications were not of and concerning Plaintiff Stasko.

9.     As to the allegations of paragraph 8, Defendants admit so much thereof as alleges that The State published a news report on December 2, 2020 but deny the allegations to the extent they are inconsistent with the publication, and allege in connection therewith that the publication concerned a matter of public interest and significance and was a fair and accurate report on the contents of public records.

10.    As to the allegations of paragraph 9, Defendants admit so much thereof as alleges that the December 2, 2020 news report stated that David Voros was previously sued by "a former student alleging he made unwanted sexual advances on her" but deny the allegations of paragraph 9 to the extent they are inconsistent with the published news report.

11. As to the allegations of paragraph 10, Defendants deny the same and allege in connection therewith that the news report was based on the contents of public records.

12. As to the allegations of paragraph 11, Defendants deny the same and allege in connection therewith that the publication concerned a matter of public interest and significance and was a fair and accurate report of the contents of public records.

13. As to the allegations of paragraph 12, Defendants admit that Daprile made a post on his Twitter account on March 12, 2021 but deny the remaining allegations to the extent they are inconsistent with the post.

14. As to the allegations of paragraph 13, Defendants admit the allegations to the extent they allege that a news report was published on December 2, 2020 but deny allegations inconsistent with the content of the published news report. Defendants further deny that the publication was false and allege in connection therewith that the publication concerned a matter of public interest and significance and was a fair and accurate report on the contents of public records.

15. As to the allegations of paragraph 14, Defendants admit the allegations to the extent they allege the publication of a news report on December 2, 2020 but deny the allegations inconsistent with the content of the publication. Defendants further deny that the publication was of and concerning Plaintiff Stasko.

16. As to the allegations of paragraph 15, Defendants deny the same.

17. As to the allegations of paragraph 16, Defendants deny the same.

18. As to the allegations of paragraph 17, Defendants deny the same.

19. As to the allegations of paragraph 18, Defendants admit the publication of a news report on March 12, 2021 that contained a link with excerpts from a deposition of Lauren Chapman but deny the remaining allegations of paragraph 18 and allege in connection therewith that the news report was concerning a matter of public interest and significance and was a fair and accurate report of the contents of public records.

20. As to the allegations of paragraph 19, Defendants admit that Plaintiffs made a demand for retraction but deny that there was a refusal to respond as Plaintiffs have provided no basis in law or fact to support a retraction as the publications concerned a matter of public interest and significance and were fair and accurate reports of the contents of public records.

21. As to the allegations of paragraph 20, Defendants reassert and reallege the facts and matters contained in paragraphs 1 through 20 above as fully and completely as if restated herein verbatim.

22. As to the allegations of paragraph 21, Defendants deny the same.

23. As to the allegations of paragraph 22, Defendants admit so much thereof as alleges the publication of news reports for the public but deny that the publications contain false or defamatory statements and deny the remaining allegations of paragraph 22.

24. As to the allegations of paragraph 23, Defendants deny the same and allege in connection therewith that Plaintiffs misstate the law applicable to libel.

25. As to the allegations of paragraph 24, Defendants specifically deny that the publications were false and defamatory and that the publications were of and concerning Plaintiff Stasko. Defendants admit so much of paragraph 24 as alleges that the publications were of and concerning Plaintiff Voros, a public official.

26. As to the allegations of paragraph 25, Defendants specifically deny that the publications were false and defamatory and deny the remaining allegations of paragraph 25.

27. As to the allegations of paragraph 26, Defendants deny the same.

28. As to the allegations of Paragraph 27, Defendants admit the same.

## AS AND FOR A SECOND DEFENSE

29. The plaintiffs' claims for punitive damages violate both the United States Constitution and the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

## AS AND FOR A THIRD DEFENSE

30. The plaintiffs' claims for punitive damages violate the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the South Carolina Constitution for even if it could be argued that a standard governing the imposition of punitive damages exists, this standard is void for vagueness.

## AS AND FOR A FOURTH DEFENSE

31. The plaintiffs' claims for punitive damages violate the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendants.

## AS AND FOR A FIFTH DEFENSE

32. The plaintiffs' claims for punitive damages violate the Federal doctrine of separation of powers and Article 1, Section 8, of the South Carolina Constitution for the reason that punitive

damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

## AS AND FOR A SIXTH DEFENSE

33.     To the extent punitive damages are claimed, defendants demand a bifurcated jury trial.  Defendants also pleads the limitations and statutory caps pursuant to South Carolina law and specifically, but not limited to, South Carolina Code Ann. § 15-32-530 and hereby notifies the plaintiffs and their attorney that the defendants seek to have the statutory limitations applied in this case.

## AS AND FOR A SEVENTH DEFENSE

34.     The publications concerned a matter of public interest and significance, and plaintiffs are required to prove the falsity of the publications.

## AS AND FOR AN EIGHTH DEFENSE

35.     The publications were fair and accurate reports of the contents of public records, and are privileged.

## AS AND FOR A NINTH DEFENSE

36.     In addition to the constitutional impediments to the award of punitive damages described above, plaintiffs' claim for punitive damages is subject to the constitutional limitations recognized by the United States Supreme Court in Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974).

## AS AND FOR AN ADDITIONAL DEFENSE AS TO THE CLAIMS BY PLAINTIFF ALEXANDRA STASKO

37. None of the publications were of and concerning Plaintiff Alexandra Stasko, but if they were, she became a public figure in connection with allegations of a failure by the University of South Carolina to respond to complaints regarding Plaintiff Voros.

WHEREFORE, having fully responded to the allegations of the Amended Complaint, Defendants pray that the same be dismissed with costs assessed against the Plaintiffs together with such other relief as may be appropriate.

Respectfully submitted,

s/Jay Bender
Jay Bender
Federal ID. No. 01294
Susan Drake DuBose
Federal ID No.: 6735
BAKER, RAVENEL & BENDER, LLP
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina 29202
Phone (803) 799-9091; Fax: (803) 779-3423
E-Mail: jbender@brblegal.com
sdubose@brblegal.com
*Attorneys for Defendant The McClatchy Company, LLC d/b/a The State and Lucas Daprile*

May 13, 2022