**UNITED STATED DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| David Voros and Alexandra Stasko, ) | |
| ) | |
| *Plaintiffs,* ) | C/A No.: 3:22-cv-01265-MGL |
| ) | |
| v. ) | LOCAL RULE 26.03 DISCLOSURES |
| ) | |
| The McClatchy Company, LLC d/b/a The ) | |
| State, Lucas Daprile,, ) | |
| ) | |
| *Defendants,* ) | |
| ) | |

**TO:   DEFENDANTS THE McCLATCHY COMPANY, LLC d/b/a THE STATE, AND LUCAS DAPRILE AND THEIR ATTORNEYS JAY BENDER AND SUSAN DUBOSE**

Plaintiffs David Voros and Alexandra Stasko, by and through her undersigned counsel, submits this report pursuant to Local Rule 26.03, D.S.C.

**(1) A short statement of the facts of the case**

Leading up to December 2, 2020, Defendants published a series of stories regarding claims of harassment made by several individuals against Voros, which also had serious negative implications and insinuations relating to Stasko. A December 2, 2020 article written by Lucas Daprile and published by The State, was titled "USC protected professor repeatedly accused of sexual harassment, lawsuit alleges." The article also inaccurately stated that "USC failed to protect students and faculty from a professor repeatedly accused of sexual misconduct, two new lawsuits allege." Additionally, the article also stated that David Voros was previously sued by "a former student alleging he made unwanted sexual advances on her." This reporting was and is a complete misrepresentation of the prior allegations made by Allison Dunavant, and importantly, Ms. Dunavant had previously recanted many of these allegations in sworn deposition testimony taken in April of 2019. Defendants Deny these allegations and assert, among other things, that the publications were fair and accurate reports of contents of public records.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony**

a. Plaintiff, David Voros, is likely to be called as a fact witness to discuss his experience with Allison Dunavant, prior litigation, as well as his interactions with The State.

      b. Alexandra Stasko is likely to be called testify as to the allegations contained in the complaint as well as the effect the defamatory statements made by Defendants have had on her both personally and professionally.

      c. Lucas Daprile is likely to be called to testify as to the publications at issue, as well as the process leading

      d. Other Defendant employees and executives who may have knowledge of the article(s) and stories at issue.

      e. Plaintiff specifically reserves her right to supplement this list if and when additional information becomes available.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered**

The Plaintiff has not yet designated any expert witness. Should Plaintiff decide to retain an expert, this disclosure will be supplemented as experts are identified pursuant to the deadlines set forth by the Court's scheduling order.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

The Plaintiffs in this case have alleged a cause of action for defamation, based on Defendants' publication of false and defamatory articles of and relating to Plaintiffs. *See Flemming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002) (discussing the elements of a defamation claim).

**(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (2) Completion of Discovery.**

The Parties have agreed and are attaching hereto a proposed amended scheduling order, which includes proposed expert disclosure dates of November 9, 2022 and December 11, 2022, respectively, and a completion of discovery deadline of February 7, 2023.

**(6) Any special circumstances which would affect the timeframes applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Contents of Scheduling Order).**

Plaintiff currently does not foresee any special circumstances.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None.

Respectfully Submitted,

s/William R. Padget
William R. Padget (Fed ID No.: 09466)
Christina M. Brown (Federal ID No.: 13487) The HHP Law Group
924 Gervais Street
Columbia, South Carolina 29201
Phone: (803) 400-8277
Fax: (803) 845-4900
bill@hhplawgroup.com
christina@hhplawgroup.com

Columbia, South Carolina
June 15, 2022