# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| David Voros and Alexandra Stasko, | Case No.: 3:22-cv-01265-MGL |
| Plaintiffs, | |
| v. | **Defendants' Rule 26(f) Report and Rule 26.03 Responses** |
| The McClatchy Company, LLC d/b/a The State and Lucas Daprile, | |
| Defendants. | |

Pursuant to *Federal Rules of Civil Procedure* 26(f) and Local Rule 26.03 (D.S.C.), Defendants The McClatchy Company, LLC d/b/a The State and Lucas Daprile submit their Rule 26(f) Report and Responses to Rule 26.03 Interrogatories as follows:

**Rule 26(f) Report**

**1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when initial disclosures under Rule 26(a) were made or will be made.**

RESPONSE: The parties exchanged disclosures under Rule 26(a) at the time set forth in the initial scheduling order.

**2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

RESPONSE: Defendants anticipate that discovery will be needed regarding the facts underlying the news reports and the plaintiffs' alleged damages. Discovery should be completed by February 7, 2023.

3. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

1

RESPONSE:   There are currently no known issues regarding electronically stored information.

4.   **Any issues relating to claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

RESPONSE:   Defendants are not currently aware of any claims relating to privilege or the protection of trial preparation materials.

5.   **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

RESPONSE:   Defendants do not request any changes to the limitations on discovery.

6.   **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

RESPONSE:   None.

### Rule 26.03  Responses

**(1) A short statement of the facts of the case.**

RESPONSE:   The plaintiffs' filed this defamation suit regarding two news reports written by Defendant Daprile and published in The State newspaper in December 2020 and March 2021. The news reports related to lawsuits filed against the University of South Carolina regarding its handling of sexual harassment claims.  Plaintiff Stasko was not identified by name or position in the publications, and defendants contend the publications were not "of and concerning" Plaintiff Stasko. Plaintiff Voros is a public official by virtue of his position at the University of South Carolina.  Plaintiffs claim that the news reports contained defamatory statements that resulted in injuries to them. Defendants deny that the news reports contain false and defamatory statements and maintain that the publications are a fair and accurate report of the contents of public records.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

RESPONSE:   Defendants have not determined the exact name and number of fact witnesses it will call in this matter. Additional witnesses will be identified as discovery progresses, and

Defendants will supplement their discovery responses accordingly. Subject to the reservation of rights to supplement this disclosure, Defendants identify the following witnesses:

    (a) Lucas Daprile

Mr. Daprile is a defendant in this case and was the author of the news reports underlying the Amended Complaint. He is expected to testify regarding his development of the news reports, the public records on which his reporting was based, and his contact with Plaintiffs.

    (b) Paul Osmundson

Mr. Osmundson is the senior editor for local news at The State newspaper and will testify regarding his knowledge of the news reports.

    (c) David Voros

Mr. Voros is a plaintiff in this case and is expected to testify regarding the allegations in his complaint and his claimed damages.

    (d) Alexandra Stasko

Ms Stasko is a plaintiff in this case and is expected to testify regarding the allegations in her complaint and her claimed damages.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

RESPONSE:   Defendants have not identified any expert witnesses at this time but will name any expert witnesses in accordance with the deadlines in the Court's scheduling order.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:   Defendants will rely on *Holtzscheiter v. Thomson Newspapers, Inc. (Holtscheiter II),* 332 S.C. 502, 506 S.E.2d 497 (1998), which requires a plaintiff in a libel suit to prove the unprivileged publication of a false statement of fact of and concerning them that is injurious to the plaintiff's reputation, and occasioned by the requisite level of fault on the part of the publisher. Defendants will also rely on the longstanding common law in South Carolina holding that the fair and substantially accurate reporting of the contents of public records, including court records and proceedings, is privileged. *Corbin v. Hearst-Argyle TV, Inc.,* 561 F.Supp.2d 546, 554 (D.S.C. 2008); W*hite v. Wilkerson,* 328 S.C. 179, 493 S.E.2d 345 (1997); *Padgett v. Sun News,* 278 S.C.

26, 292 S.E.2d 30 (1982); *Herring v. Retail Credit Co.,* 266 S.C. 455, 224 S.E.2d 663 (1976); *Jones v. Garner,* 250 S.C. 479, 158 S.E.2d 909 (1968); *Lybrand v. The State Co.,* 179 S.C. 208, 184 S.E. 580 (1936). *See also* S.C. Const. art. IX (all courts shall be public), and Rule 41.1, SCRCP ("South Carolina has a long history of maintaining open court proceedings and records").

Defendants also assert as affirmative defenses that the claim for punitive damages violates their constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Furthermore, plaintiffs' claim for punitive damages is subject to South Carolina Code Ann. § 15-32-530 and the constitutional limitations recognized by the United States Supreme Court in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323 (1974).

**(5)    Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

RESPONSE:    The parties have submitted a proposed amended scheduling order to the Court for consideration.

**(6)    Any special circumstances which would affect the time frames applied in preparing the scheduling order.**

RESPONSE:    None known at this time.

**(7)    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE:    No additional information was requested by the Court.

Respectfully submitted,

s/Jay Bender
Jay Bender
Federal ID No.  01294
Susan Drake DuBose
Federal ID No.  6735
BAKER, RAVENEL 7 BENDER, LLP
3710 Landmark Drive, Suite 400
Post Office Box 8057
Columbia, South Carolina  29202
Phone: (803)799-9091; Fax: (803)779.3423
E-Mail:
jbender@brblegal.com
sdubose@brblegal.com
*Attorneys for Defendants The McClatchy*

4

*Company, LLC d/b/a The State and Lucas Daprile*

June 16, 2022

5